**IN RE: Sharon E. FRANKOVICH, Debtor.**

**Case No. DM 16–90233**

United States Bankruptcy Court, W.D. Michigan.

Filed May 30, 2017

Russell W. Hall, DeGrand, Reardon & Hall, PC, Escanaba, MI, for Debtor.

Clark, Love & Hutson, Lee Murphy Law Firm, G.P., Vujasinovic & Beckcom, P.L.L.C., Houston, TX, Kevin M. Smith, Beadle Smith PLC, Rochester Hills, MI, for Trustee.

## MEMORANDUM OF DECISION & ORDER

PRESENT: HONORABLE SCOTT W. DALES, Chief United States Bankruptcy Judge

Chapter 7 trustee Kelly M. Hagan (the "Trustee") filed and served, with notice and opportunity to object, a Motion for Approval of Settlement Agreement (ECF No. 35, the "Motion"). The court has reviewed the Motion and, despite the absence of objection, will deny it because (i) it lacks sufficient detail to permit the court to perform its functions under Fed. R. Bankr. P. 9019; and (ii) the court is not satisfied that the Trustee served the United States Trustee as Fed. R. Bankr. P. 5005(b)(1) and 9034(b) require.

 The Motion relates to an under-described dispute regarding a surgical implant involving the Debtor and an un-

named defendant. It mentions an "Aggregate Settlement" pursuant to which the Debtor (or, more precisely, her bankruptcy estate) is entitled to receive a gross settlement sum of $58,000.00, then describes the various deductions from that gross amount for lawyer fees, medical liens, and Multi-District Litigation or "MDL" fees and similar expenses.

Significantly, however, the Motion does not refer to the merits of the Debtor's prepetition claim or the defenses asserted by the unidentified defendant, but simply states that the Trustee regards the settlement as fair after discussing the matter with special counsel, who presumably recommends settlement. The Motion also states the obvious fact that settlement avoids the risk of litigation.

In her Motion, the Trustee cites the United States Supreme Court's decision in *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 88 S.Ct. 1157, 20 L.Ed.2d 1 (1968), for the proposition that bankruptcy courts must review settlements using "informed, independent judgment," yet the Motion fails to inform the court (or interested parties) about the claims and the defenses to be resolved or any of the factors identified in *TMT Trailer Ferry,* focusing instead on the distribution of the gross settlement proceeds rather than the Trustee's evaluation of the merits of the case.

In recent months, the court has perceived an increase in the number of such settlement motions involving product liability claims, and is concerned that the perfunctory, boilerplate language of many settlement motions is preventing the court from performing its function under *TMT Trailer Ferry,* and Fed. R. Bankr. P. 9019.

See, e.g., *In re Laflin,* Case No. 09–00793 (ECF No. 52) (Bankr. W.D. Mich. May 12, 2017) (withholding approval of settlement on similar grounds).

■ In addition, the court has reviewed the proofs of service filed in connection with the Motion (ECF Nos. 35–3 & 39–2) and is not satisfied that the Trustee has served the United States Trustee as the rules require. See Fed. R. Bankr. P. 9034(b). Rule 5005 provides that when the Bankruptcy Rules require service on the United States Trustee, as Rule 9034(b) provides with respect to the approval of a compromise or settlement, service shall be "mailed or delivered to an office of the United States Trustee . . ." Fed. R. Bankr. P. 5005(b)(1).

To the extent the Trustee relies on the electronic transmittal of documents to the United States Trustee in Chapter 7 and 11 cases under LBR 5005–3, the court does not regard such transmittal as service. Although LBR 5005–3 confusingly refers to "service," the electronic and automatic transmittal that occurs under LBR 5005–3 is effected by the Clerk, not the parties, and is "in addition" to service under the national rules, not *in lieu* of such service. See LBR 5005–3(a). The court adopted the rule years ago as a courtesy or housekeeping accommodation to the United States Trustee to assist the agency in performing its supervisory functions. Indeed, when a paper is transmitted under LBR 5005–3, it goes to an administrative mailbox in Cleveland, not to one of the United States Trustee's trial attorneys in Grand Rapids.

■ Certainly, parties may use the court's CM/ECF facilities to serve represented entities who have appeared in a case or adversary proceeding,[1] but the

---

1. See Electronic Case Filing Administrative Procedures (Bankr. W.D. Mich.) at § I.C.5

("Registration as a Filing User constitutes (1) waiver of the right to receive notice by first

United States Trustee has not appeared in the Debtor's case. In short, the court does not regard transmittal under LBR 5005–3 as "service" upon the United States Trustee under the Federal Rules of Bankruptcy Procedure.[2]

For the foregoing reasons, the court will deny the Motion without the delay associated with holding a formal hearing, given the lack of detail required for the court to conduct an "informed and independent" review, and the lack of service upon the United States Trustee, contrary to Rule 9034(b).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 35) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005–4 upon Sharon E. Frankovich, Russell W. Hall, Esq., Kelly M. Hagan, Esq., chapter 7 trustee, Kevin M. Smith, Esq., and the United States Trustee (by first class United States Mail).

**IT IS SO ORDERED.**

class mail and consent to receive notice electronically; and (2) waiver of the right to service by personal service or first class mail and consent to electronic service, except with regard to service of a summons and complaint under Federal Rule of Bankruptcy Procedure 7004.") (available at http://www.miwb.uscourts.gov/case-info/cm-ecf-case-info).

**2.** After consultation, the three current bankruptcy judges subscribe to this interpretation of LBR 5005–3. *See In re Ludwick*, 185 B.R. 238, 245 n. 12 (Bankr. W.D. Mich. 1995) (citing 28 U.S.C. § 154(a) as authority for *en banc* decision).